# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

United States of America,          :
                                   :
     v.                            :          No. 16-2684
                                   :
Jonathan Cobb                      :

---

## ON APPEAL FROM A RESENTENCING IMPOSED BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## (E.D.PA. CRIMINAL NO. 09-733 (ECR))

---

## APPELLANT'S OPENING BRIEF & APPENDIX
## VOLUME I OF III (pgs. 1-9)

---

Caroline Goldner Cinquanto, Esq.
1518 Walnut Street, Suite 807
Philadelphia, PA 19102
(267) 639-6904
carrie@cgclegal.com

Attorney for Appellant Jonathan Cobb

# Table of Contents

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION.....1

STATEMENT OF RELATED CASES....................................................................1

STATEMENT OF THE ISSUES AND STANDARD OF REVIEW ......................2

SUMMARY OF THE ARGUMENT ....................................................................2

PROCEDURAL HISTORY ...................................................................................4

STATEMENT OF FACTS......................................................................................6

ARGUMENT ........................................................................................................16

THE DISTRICT COURT'S RESENTENCE IS PROCEDURALLY AND
SUBSTANTIVELY UNREASONABLE BECAUSE THE COURT FAILED TO
RESENTENCE COBB IN A WAY THAT "NEUTRALIZED THE TAINT" OF
THE INEFFECTIVE ASSISTANCE OF COUNSEL UNDER LAFLER v.
COOPER. .............................................................................................................16

CONCLUSION ....................................................................................................23

# Table of Authorities

United States v. Ausburn, 502 F.3d 313 (3d Cir. 2007)..........................................22

United States v. Cicirello, 301 F.3d 135 (3d Cir. 2002)........................................20

United States v. Cooper, 437 F.3d 324 (3d Cir. 2006)...........................................16

United States v. Flores-Mejia, 759 F.3d 253 (3d Cir. 2014)....................................2

United States v. Friedman, 658 F.3d 342 (3d Cir. 2011) ............................3, 17, 21

Gall v. United States, 552 U.S. 38 (2007)...................................................16, 17, 21

United States v. Grier, 475 F.3d 556 (3d Cir.2007)..........................................3, 21

United States v. Gunter, 462 F.3d 237 (3d Cir. 2006).....................................16, 17

United States v. Jackson, 467 F.3d 834 (3d Cir. 2006) ...........................................17

Lafler v. Cooper, 132 S.Ct. 1376 (2012).................................................................22, 23

United States v. Merced, 603 F.3d 203 (3d Cir. 2010) ...........................................18

Rita v. United States, 551 U.S. 338 (2007) .............................................................21

United States v. Wise, 515 F.3d 207 (3d Cir. 2008) ...............................................16

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The United States District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, which confers upon the District Courts original jurisdiction over all offenses against the laws of the United States.

Appellate jurisdiction is conferred upon the U.S. Court of Appeals for the Third Circuit by 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Appellant Jonathan Cobb complied with Rule 4(b)(1) of the Federal Rules of Appellate Procedure by filing his Notice of Appeal, pro se, on May 31, 2016. (App. 1-2).[1] This filing was within fourteen days of May 23, 2016, the date the District Court entered its Amended Judgment in this matter. (App. 3-8).

## STATEMENT OF RELATED CASES

Appellant is unaware of any cases currently pending before the Court of Appeals which are related to the instant appeal.

---

[1] "App." refers to the Appellant's Appendix filed with this brief. "PSR" refers to the Presentence Investigation Report filed under seal in this matter.

## STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

1. Whether the District Court's sentence is procedurally and substantively
   unreasonable because the court failed to address or acknowledge defendant's
   evidence and argument, and invoked an arbitrary 78 percent upward variance
   that was directly connected to justifications in connection with defendant's
   trial – justifications that no longer existed once defendant was before the
   court on resentencing on a plea due to a finding of ineffective assistance of
   counsel?

   Standard of Review: A court reviews a procedural challenge to a sentence
   under plain error where the defendant failed to object at the time the sentence
   is pronounced. United States v. Flores-Mejia, 759 F.3d 253 (3d Cir. 2014).

## SUMMARY OF THE ARGUMENT

   The district court made several plain errors at the resentencing of Appellant
Jonathan Cobb. The court accepted the government's self-serving representation
that it always files 851 notices regardless of whether the defendant would have
pled guilty, without addressing Cobb's strong circumstantial evidence to the

contrary, thereby artificially inflating the guideline range. The court also calibrated the resentencing to Cobb's original sentence by invoking the same 78 percent upward variance that the court had imposed on the original sentence, despite the fact that the justifications for that 78 percent upward variance on the original sentence did not apply to Cobb as he stood before the court on resentencing. The court used information it recalled from the trial – information that would not otherwise have come to light and which was not specifically identified – to justify an upward departure. So on the one hand, rather than simply evaluating Mr. Cobb, his offense, and his record, the court artificially hypothesized about what it would have done had Mr. Cobb received effective assistance of counsel, but supplemented by the unspecified trial evidence that it would not have heard. Further, the court failed to consider, acknowledge, or respond to any of the evidence or arguments that Cobb presented at resentencing. To be procedurally reasonable, a sentence must demonstrate that the district court undertook "meaningful consideration of the relevant statutory factors and the exercise of independent judgment." United States v. Grier, 475 F.3d 556, 571–72 (3d Cir.2007) (en banc); United States v. Friedman, 658 F.3d 342, 360 (3d Cir. 2011). The sentence imposed below does not reflect such meaningful consideration or independent judgment.

## PROCEDURAL HISTORY

On June 28, 2010, Appellant Jonathan Cobb was convicted by a jury on one count of conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B), and one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B), and aiding and abetting in violation of 18 U.S.C. § 2. (PSR).

At his original sentencing, the mandatory minimum was ten years, and his guideline range was 130 to 162 months. (PSR). The district court granted the government's request for an upward variance, and on November 3, 2010, sentenced Cobb to 288 months of imprisonment, eight years of supervised release, and a $2,500 fine. (PSR).

Cobb appealed to the United States Court of Appeals for the Third Circuit, alleging that the district court erred by: (1) admitting conversations captured on an illegal wiretap; (2) failing to exclude evidence seized during the warrantless search of David Cobb's vehicle; (3) allowing inappropriate expert testimony under Federal Rule of Evidence 702; and (4) imposing an upward variance at his sentencing that rendered his sentence unreasonable. The Third Circuit affirmed the district court's rulings in all respects on May 25, 2012. United States v. Cobb, 483 F. App'x 719, 721 (3d Cir.) cert. denied, 133 S. Ct. 457 (2012).

Cobb filed a timely pro se petition to vacate his sentence pursuant to 28 U.S.C. § 2255. The court denied the petition on all grounds except Ground Three: whether trial counsel was ineffective for failing to explain the consequences of an open guilty plea, rather than a cooperation guilty plea. The court held an evidentiary hearing on November 7, 2014. (App. 9-10).

After the hearing, on December 22, 2014, Mr. Cobb filed a counseled supplemental habeas brief. On June 24, 2015, the court ruled that trial counsel had rendered constitutionally ineffective assistance of counsel, and requested that counsel submit briefing on the appropriate relief. (App. 11-33). After briefing and two hearings on the relief (App. 35-146), the court held a resentencing hearing on May 23, 2016. (App. 147-191). The court resentenced Cobb to 180 months on each of Count One and Count Two, to run concurrently, along with eight years of supervised release, and a $2,500 fine. (App. 147-191).

The Amended Judgment was entered on May 23, 2016, (App. 3-8) and a timely notice of appeal was filed on May 31, 2016. (App. 1-2). This appeal follows.

## STATEMENT OF FACTS

On June 24, 2015, the district court ruled that trial counsel had rendered constitutionally ineffective assistance of counsel in the form of dramatically miscalculating Cobb's sentencing exposure based on an incorrect conclusion that Cobb was a career offender. (App. 11-34). Even though the misinformation provided by trial counsel to Cobb about his career offender status resulted in Cobb believing that he was facing a higher sentencing exposure than he really was, the court agreed with Cobb that he had suffered prejudice because under the correct advice he likely would have pled guilty and received the benefits of acceptance of responsibility. The court further found that Cobb met his burden of showing a reasonable probability that he would have pled guilty had he known of his true sentencing exposure and that, had he pled guilty, he would have received a lesser sentence. (App. 11-34).

As the court explained:

> Petitioner has also demonstrated a reasonable probability that he would have received a lesser sentence had he pled guilty. Had Petitioner pled guilty without a plea agreement, his sentencing range would have been, at worst,[6] 100 to 125 months, due to the decrease in offense levels granted for acceptance of responsibility.

---

6    Petitioner notes that his base offense level was increased by two levels as a result of evidence presented at trial – evidence that may not have been used to

increase his base offense level had he pled guilty before trial, because it was unsupported by anything other than suggestions in wiretap conversations. Without those two levels, his sentencing range would have been 84 to 105 months after a guilty plea.

However, because the Government filed an Information Charging Prior Offenses pursuant to 21 U.S.C. § 851 (the "§ 851 Notice"), ECF No. 111, Petitioner faced a mandatory minimum of ten years, or 120 months. The parties dispute whether the Government would have filed the § 851 Notice had Petitioner pled guilty – the Government claims that it would have filed the § 851 Notice (which increased the mandatory minimum by five years) no matter what, while Petitioner claims that, as evidenced by the fact that the Government filed the § 851 Notice just weeks before trial, there is a reasonable probability that the Government would not have filed the § 851 Notice had Petitioner pled guilty. At any rate, this debate over the § 851 Notice is of no moment, in that Petitioner's actual Guidelines sentencing exposure after a guilty plea would have been no more than 125 months, even if the Government had filed the § 851 Notice.

An additional complication in this case is that the Court granted the Government's request for an upward variance, ultimately sentencing Petitioner to 288 months. The Government argues that this variance precludes a finding of prejudice, because the Government still would have moved for a variance after a guilty plea and the Court's analysis under § 3553(a) would have been the same. However, two factors create a reasonable probability that even if Petitioner had pleaded guilty and the Court still granted an upward variance, Petitioner's sentence would have been lower.

First, the Court selected 288 months, in part, because that was the sentence that Petitioner's codefendant (his brother) had previously received, and in the Court's view, Petitioner was similarly, if not more, culpable than his brother. Sentencing Hr'g Tr. 37:16-20. Had Petitioner pleaded guilty prior to trial, it is unlikely that the Court would have

viewed Petitioner to have been similarly situated to his brother, who was convicted at trial. And second, even if the Court <u>had</u> granted a variance to the same extent, Petitioner's sentence would have been lower because the Court's point of departure for the variance would have begun at a lower Guidelines range. To wit, the upper end of Petitioner's sentencing range was 162 months, so the Court's sentence of 288 months added 126 months to his Guidelines range. Had Petitioner pleaded guilty, the upper end of his sentencing range would have been 125 months, and an upward variance of the same amount of time – 126 months – would have resulted in a sentence of 241 months instead of 288. Or, considering it differently, the Court's sentence of 288 months varied upward by roughly 78% of Petitioner's within-Guidelines sentence of 162 months. Had the Court started from the lower Guidelines range of 125 months instead, and varied upward by the same percentage of time, Petitioner's sentence would have been only 222 months. In short, in order for the Court to have sentenced Petitioner to at least 288 months even with 88 months even with a guilty plea, the Court would have had to impose a <u>greater</u> variance than it did in the absence of a guilty plea. Such a result would have been unlikely.

(App. 29-32).

The court then asked the parties for supplemental briefing and held a hearing on the appropriate remedy. The parties agreed with the court during the November 14, 2015, relief hearing that the court's exercise of discretion in fashioning an appropriate remedy was guided by <u>Lafler v. Cooper</u>, 132 S. Ct. 1376, 1389 (2012), which directs the court to craft a remedy that "neutralizes the taint" of the ineffective assistance of counsel while at the same time avoiding a windfall to the petitioner, and also avoiding a waste of resources that the government invested in the criminal prosecution. As the court framed its task (and the parties agreed), the

the process of determining the proper remedy in this case consists of three steps:

(1) determine the baseline mandatory minimum and guideline range; (2) decide

what, if any, variance would have been granted at that time; and (3) consider a

request for a downward variance based on post-sentencing conduct. (App. 84-91).

The primary issue on the appropriate form of relief was whether the

government would have filed the § 851 sentencing enhancement even if Cobb had

entered an open guilty plea. Cobb argued that the answer mattered because the

§ 851 information raised the mandatory minimum from five years to ten years, and

if Cobb's revised guideline range is 84 to 105 months, then the enhancement

imposes a mandatory minimum of 120 months, which is higher than the highest

end of the guideline range. Absent the § 851 sentencing enhancement, the

guideline range would remain the same – 84 to 105 months – and any upward

variance would be based on 105 months, not 120 months. Cobb also argued that,

based on: (1) the timing of the § 851 filing in this case; (2) the longstanding

experience of counsel and her colleagues in the district courts; (3) a plethora of

case law within the Third Circuit showing that § 851 notices have routinely been

used as plea negotiation tools, for both plea agreements and open pleas, and § 851

notices are not filed when a defendant pleads guilty; (4) DOJ Policy Changes; and

(5) the stated purpose of  § 851 notices, it was likely that the prosecutor would *not*

have filed the § 851 notice if Cobb had pled guilty. (App. 35-36; 60-68; 69-113).

The government denied this and represented that it would have filed the § 851 notice in any event, and it was prepared to have the prosecutor testify as such. (App. 37-41; 42-59; 69-113).

At the hearing, the government offered to put the prosecutor on the stand to testify that he would have filed the § 851 notice even if Cobb had pled guilty. Because that testimony – about the prosecutor's unexpressed intentions – would have been evidence that Cobb could not have reasonably discovered direct evidence to contradict, other than the circumstantial evidence described above, defense counsel asked the Court for discovery of the prosecutor's decision-making process and the government's policies and practices regarding the filing of § 851 notices. (App. 69-113). Before Cobb could file that discovery request, however, the government filed a preemptive motion to limit the discovery request, arguing that no discovery was permitted, or at most the only evidence permitted would be to put the prosecutor on the stand and ask about his intentions, and anything else is prohibited from discovery as constitutionally protected prosecutorial decision-making. (App. 42-59).

Cobb disagreed that the requested discovery was protected, but nevertheless – despite the strong circumstantial evidence that no § 851 notice would have been filed – given the court's recognition of the difficulty in developing a proper record

upon which to make a factual finding in which the court and the parties would have confidence (App. 94-96), along with the facts that the statute would have permitted the filing and the filing was within the prosecutor's discretion if it was done in accordance with DOJ policy, Cobb submitted that another evidentiary hearing to try to determine whether the prosecutor would have filed the § 851 information would not have served the purposes of effective resource management that the Lafler Court said should be a part of the sentencing court's discretion in fashioning an appropriate remedy. Accordingly, Cobb withdrew his request for discovery and asked the court to accept argument and evidence on Cobb's post-conviction rehabilitation at Cobb's resentencing hearing. Cobb also asked the court to take into account the circumstantial evidence listed above regarding the purpose and practices of § 851 filings when exercising its discretion in fashioning an appropriate sentence in this case. (App. 60-68; 114-125).

On February 10, 2016, the court then held a continuation of the relief hearing and focused on the issue of whether the government would have filed a § 851 notice had Cobb pled guilty. Because Cobb would have no way of refuting the government's self-interested representation that they would have filed a § 851 notice, Cobb relied on the circumstantial evidence identified above. The court found for the government based on its representation without addressing at all the showing of circumstantial evidence to the contrary. (App. 114-125).

The resentencing hearing was held on May 23, 2016. (App. 147-191). There was no dispute as to Cobb's new Guideline range of 84 – 105 months. However, the court used the 120-month mandatory minimum, which is minimum that relies on the speculation that the government would have filed a § 851 notice even if Cobb had originally pled guilty. (App. 151). Once again, the court did not address Cobb's argument or evidence that had been raised on the § 851 issue, nor did the court acknowledge this argument and evidence (even to reject it) in fashioning an appropriate sentence, as Cobb had properly raised before the court.

At the hearing, four people close to Mr. Cobb represented through either live testimony or letters that they would provide Mr. Cobb with a job upon his release from prison, including one job at mission for which Mr. Cobb would go out in the community and talk to young men about keeping their lives straight and avoiding bad decisions. (App. 154-158). Mr. Cobb also asked that his two teenaged sons attend the resentencing so they, too, could see the consequences of bad decisions. (App. 158).

Mr. Cobb also presented evidence of significant post-sentencing rehabilitation from the time of his first sentencing in 2010. (App. 158). During his seven years in prison at the time of the resentencing hearing, he had no disciplinary infractions, and he had completed 13 programs in the Bureau of Prisons, including

a GED, a 12-hour Freedom from Drugs Program, a 35-hour Spiritual Development

Program, and a Spiritual Development Facilitator Completion Certificate for

another 35 hours, and a 40-hour Dealing and Coping with Incarceration Program,

among many others.

Mr. Cobb also testified at the resentencing hearing; he explained that he had

learned a lot in prison about living a useful, virtuous life that he had never learned

on the streets, that he was proud of his seven-year record of no infractions despite

the pressures of dealing with prison guards and inmates of various temperaments.

He became a mentor and advisor to others. He talked about his family and his two

sons who were getting ready to go to college. He wanted his sons to see the

consequences of his own bad choices. He accepted responsibility for his actions,

and told the court that he was not the same person that he had been six years before

at his original sentencing. (App. 175-179).

The court began its analysis with the mandatory minimum of 120 months,

which was higher than the guideline range. (App. 181). The court then applied a 78

percent upward variance to bring the sentence to 213 months. In its 3553 analysis,

the court found that the seriousness of the offense, the necessity for the sentence to

promote respect for the law and to provide just punishment for the offense put

Cobb in the "same place and position as it did in 2010." (App. 181). The court

noted that it was a "very serious crime involving a considerable amount of drugs of which the defendant was one of the leaders of that conspiracy." (App. 181). The court then recognized that although Cobb "has undergone a substantial rehabilitation," it could not "completely ignore the fact that for a good part of Mr. Cobb's adult life he has been involved in a life of crime and a life of serious crimes which had earned him a criminal history category of V, and perhaps but for a fortuity, he would have been a career criminal." (App. 181-182). As for the history and characteristics of the defendant, the court noted that Cobb was intelligent, talented, well-spoken, and supported by family and his community. (App. 183-184).

Based on that analysis, the court "believ[ed] that a 78 percent upward variance is appropriate in this case in that all of the factors under 3553, *as well as the information that the Court learned during the trial involving Mr. Cobb's participation in this conspiracy* totally justify an upward variance. That puts us at 213 months." (App. 183). (emphasis added). The court had earlier noted that the 78 percent figure was given in Cobb's original sentence based on the fact that that was same sentence that his brother, who was a career offender, had gotten. (App. 170).

The court then credited Mr. Cobb's substantial post-sentencing rehabilitation, and reduced the 213 months to a sentence of 180 months. (App. 184). The sentence also included eight years of supervised release and a $2,500 fine.

## ARGUMENT

**THE DISTRICT COURT'S RESENTENCE IS PROCEDURALLY AND SUBSTANTIVELY UNREASONABLE BECAUSE THE COURT FAILED TO RESENTENCE COBB IN A WAY THAT "NEUTRALIZED THE TAINT" OF THE INEFFECTIVE ASSISTANCE OF COUNSEL UNDER LAFLER v. COOPER.**

### A. Standard of review

An appellate court reviews sentences for reasonableness under a plain error standard in the absence of an objection at the time of sentencing. United States v. Flores-Mejia, 759 F.3d 253 (3d Cir. 2014).

### B. Argument

The sentencing guidelines are advisory only, but they remain "the starting point and the initial benchmark" in sentencing decisions. Gall v. United States, 552 U.S. 38, 49 (2007). See also United States v. Cooper, 437 F.3d 324, 331 (3d Cir. 2006). As part of calculating the applicable guideline range, the sentencing court must "formally rule on the motions of both parties and state on the record whether [it is] granting a departure, and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force." United States v. Wise, 515 F.3d 207, 216 (3d Cir. 2008) (quoting United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006)).

When determining an appropriate sentence in a given case, a district court must follow this Court's well-established process by: (1) correctly calculating the advisory Guidelines range; (2) formally ruling on any departure motions; and (3) considering the relevant 18 U.S.C. § 3553(a) sentencing factors. Gunter, 462 F.3d at 247.

During the third step, district courts must "exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless of whether it varies from the sentence calculated under the Guidelines." Id. As part of this process, district courts should engage in "a true, considered exercise of discretion . . . including a recognition of, and response to, the parties' non-frivolous arguments." United States v. Jackson, 467 F.3d 834, 841 (3d Cir.2006); United States v. Friedman, 658 F.3d 342, 359 (3d Cir. 2011).

This Court, on appeal, must first "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guideline range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51; Friedman, 658 F.3d at 360; United States v. Merced, 603 F.3d 203, 214 (3d Cir.2010). If this Court determines that the district court's procedures are sound, this Court proceeds to examine the substantive reasonableness of the sentence. Gall, 552 U.S. at 51;

United States v. Friedman, 658 F.3d 342, 360 (3d Cir. 2011); United States v. Merced, 603 F.3d 203, 214 (3d Cir. 2010). In conducting the reasonableness inquiry, this Court takes into account the "totality of the circumstances." Gall, 552 U.S. at 51.

In this case, the district judge erred in several respects in its determining the sentence. Rather than focusing on its responsibility to impose a sentence that was "sufficient, but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553, the court meandered into a maze of hypothetical distractions, false equivalencies, and imagined mathematical formulas. To start, the guideline range itself was artificially increased by the government's mechanical decision to invoke 21 U.S.C. § 851. This produced a guideline "range" of 120 months, the mandatory minimum sentence, a range that exceeded the advisory sentencing range established by the Sentencing Commission for this offense and this offender by 15 months. The court accepted the inflated range without question as the starting point for what became an effort to reconstruct what the court would have done had Mr. Cobb not been represented by ineffective counsel in the first instance. That is, rather than focusing on its responsibility to sentence Mr. Cobb as the individual who stood before the court for sentencing, the court tried to imagine what it would have done if Mr. Cobb had pled guilty and been sentenced without the erroneous career offender designation. By doing so, the court deprived Mr.

Cobb of much of the relief to which he was entitled. Specifically, the court used information it recalled from the trial – information that would not otherwise have come to light and which was not specifically identified – to justify an upward departure. So on the one hand, rather than simply evaluating Mr. Cobb, his offense, and his record, the court artificially hypothesized about what it would have done had Mr. Cobb received effective assistance of counsel, but supplemented by the unspecified trial evidence that it would not have heard.

Similarly problematic was the court's selection of 78 percent as just the right upward variance proportion. There was absolutely no justification in the record, the law, or guideline analysis for such a random mathematical formula to dramatically increase the already artificially increased guideline range. Interestingly, while the district judge failed to consider the artificial, prosecutor-driven guideline increase, he attempted to justify the departure partly by suggesting that "but for a fortuity" Mr. Cobb would have been classified as a career offender for guideline purposes. (App. 182). The fact is that he did not meet the career offender status when he was sentenced in 2010, and he most certainly would not meet the criteria in post-Johnson 2016, and the musings about fortuity reflect that the district court, rather than examining Mr. Cobb with a fresh vision of his offense and his record, was tethered to the original sentence that was imposed.

Likewise, the court was wedded to the notion that Mr. Cobb deserved a

sentence comparable to that which Cobb's brother and co-defendant received.

While the guidelines themselves reflect an effort to eliminate "unwarranted"

disparity, the Sentencing Commission and the Supreme Court require that

individuals be judged as individuals, and that sentences should be based on the

§ 3553 factors. Mr. Cobb's brother met the criteria for career offender

classification, and was presumably sentenced based upon his record and offense

conduct, rather than by reference to some other defendant. And regardless of what

sentence Mr. Cobb's brother received, that would still not reveal the alchemy that

produced the number 78 as the appropriate departure percentage, nor would it

justify an oblique reference to a trial record that would not have existed, but for the

ineffective assistance of counsel.

The reference to the "fortuity" of not being classified as a career offender

reveals, or at least suggests, that the departure was based upon Mr. Cobb's prior

record, which the court evidently viewed as being somehow under-counted by the

guidelines. Although departures are permitted if the court makes such an explicit

finding, there is a process that must be followed for each level the court increases

the guideline range on that basis. See United States v. Cicirello, 301 F.3d 135, 145

(3d Cir. 2002) ("United States Sentencing Guidelines § 4A1.3 requires the court, if

concerned regarding the category's underrepresentation of the seriousness of the

defendant's conduct and likelihood of future offenses, to make a specific inquiry. As noted above, this inquiry requires an examination of the typical history of those in that category, and whether the defendant's history is 'significantly more serious than that of most defendants in the same criminal history category.' U.S.S.G. § 4A1.3."). Here, there was neither a specific finding regarding the criminal history category, nor did the court follow the ratcheting procedure that is required.

To be procedurally reasonable, a sentence must demonstrate that the district court undertook "meaningful consideration of the relevant statutory factors and the exercise of independent judgment." United States v. Grier, 475 F.3d 556, 571–72 (3d Cir.2007) (en banc); United States v. Friedman, 658 F.3d 342, 360 (3d Cir. 2011). A major variance from the sentencing Guidelines "require[s] a more significant justification than a minor one." Gall, 552 U.S. at 50.

Not only did the district court impose an arbitrary major variance, but it also failed to consider, acknowledge, or respond to the defendant's arguments and evidence. In setting forth how a court should respond to a party's request for a variance, the Supreme Court has held that "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." Rita v. United States, 551 U.S. 338, 356 (2007). "[T]he court must acknowledge and respond to any properly presented sentencing argument which has colorable

legal merit and a factual basis." <u>United States v. Ausburn</u>, 502 F.3d 313, 329 (3d Cir.2007). The district court at Cobb's resentencing accepted the government's arguments wholesale and gave no meaningful consideration to the arguments and evidence presented by defendant, including: (1) the strong circumstantial evidence that Cobb presented to refute the government's self-serving representation that it would have filed the § 851 notice if Cobb had pled guilty; (2) the arguments presented at the resentencing that had Cobb had effective counsel he would have come before the court in a timely fashion and accepted responsibility – which is the point at which the court should have fixed its sentencing lens; and (3) Cobb's testimony itself at the hearing. The only defense evidence that the court considered (only after the 120-month mandatory minimum and the 78 percent variance were imposed) was Cobb's post-sentence rehabilitation. The court provided no explanation as to why the sentence was justified despite the evidence and arguments presented by Cobb.

The Supreme Court said in <u>Lafler v. Cooper</u>, 132 S.Ct. 1376 (2012), that "Sixth Amendment remedies should be 'tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.'" <u>Id.</u> at 1388 (quoting <u>United States v. Morrison</u>, 449 U.S. 361, 364 (1981)). "Thus, a remedy must 'neutralize the taint' of a constitutional violation, while at the same time not grant a windfall to the defendant or needlessly squander

the considerable resources the State properly invested in the criminal prosecution."
Id. at 1388-89. The sentence that the court imposed in this case did nothing to
neutralize the taint of Cobb's ineffective counsel, and the sentence should be
vacated and this case remanded for resentencing.


## CONCLUSION

Appellant Jonathan Cobb respectfully submits that for the above reasons, he
is entitled to relief in the form of vacating his sentence and remanding to the
district court for resentencing.

Respectfully submitted,

/s Caroline Goldner Cinquanto
Caroline Goldner Cinquanto, Esq.
1518 Walnut Street, Suite 807
Philadelphia, PA 19102
(267) 639-6904
carrie@cgclegal.com

Attorney for Appellant Jonathan Cobb

Dated: September 30, 2016

**CERTIFICATION pursuant to Local Rule 28.3(d)**

I, Caroline Goldner Cinquanto, Esquire, hereby certify that I am licensed to practice law in the Commonwealth of Pennsylvania and entitled to practice before the United States Court of Appeals for the Third Circuit.

Respectfully submitted,

/s Caroline Goldner Cinquanto
Caroline Goldner Cinquanto, Esq.
1518 Walnut Street, Suite 807
Philadelphia, PA 19102
(267) 639-6904
carrie@cgclegal.com

Attorney for Appellant Jonathan Cobb

Dated: September 30, 2016

## CERTIFICATE OF COMPLIANCE - WORD COUNT

I hereby certify that:

A.     I am an attorney admitted to practice in the Commonwealth of Pennsylvania and the United States Court of Appeals for the Third Circuit.

B.     On behalf of Jonathan Cobb I am filing the attached brief for Appellant.

C.     The Brief for Appellant complies with the type-volume limitations contained in Federal Rule of Appellate Procedure 32(a)(7)(B)(i).

D.     The Brief for Appellant, inclusive of headings, footnotes, and quotations, but exclusive of the title page, Table of Contents, Table of Authorities, and Certificates contains fewer than 14,000 words. The word count was conducted on the Microsoft Word word-processing system used to prepare the brief.

/s Caroline Goldner Cinquanto
Caroline Goldner Cinquanto, Esq.
1518 Walnut Street, Suite 807
Philadelphia, PA 19102
(267) 639-6904
carrie@cgclegal.com

Attorney for Appellant Jonathan Cobb

Dated: September 30, 2016

# CERTIFICATE OF COMPLIANCE - ELECTRONIC FILING

I hereby certify that:

A.     I am an attorney admitted to practice in the Commonwealth of Pennsylvania and the United States Court of Appeals for the Third Circuit.

B.     On behalf of Jonathan Cobb, I am electronically filing the attached Opening Brief and Appendix, Volumes I through III.

C.     The text of Appellant's electronic brief and Appendix is identical to the text in the paper copies.

D.     Appellant's electronic brief and Appendix have been scanned with Symantec Endpoint Protection, Version 11.03 and no virus was detected.

/s Caroline Goldner Cinquanto
Caroline Goldner Cinquanto, Esq.
1518 Walnut Street, Suite 807
Philadelphia, PA 19102
(267) 639-6904
carrie@cgclegal.com

Attorney for Appellant Jonathan Cobb

Dated: September 30, 2016

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on September 30, 2016, I caused Appellant's Opening Brief and Appendix to be filed with the Clerk of the United States Court of Appeals for the Third Circuit by: (a) electronic filing in .pdf format using the Circuit's electronic filing system; and (b) personally depositing an original and nine paper copies of the Brief, along with four copies of the Appendix, with the Court.

I also certify that on September 30, 2016, I caused Appellant's Opening Brief and Appendix to be served upon the United States by the Notice of Docketing Activity generated by the Third Circuit's electronic filing system, on the following Filing User: Neuman Leverett, III, Esq., Office of U.S. Attorney, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106.

/s Caroline Goldner Cinquanto
Caroline Goldner Cinquanto, Esq.
1518 Walnut Street, Suite 807
Philadelphia, PA 19102
(267) 639-6904
carrie@cgclegal.com

Attorney for Appellant Jonathan Cobb

Dated: September 30, 2016

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

United States,                    :
                                  :
        v.                        :        No. 16-2684
                                  :
Jonathan Cobb                     :

_____

ON APPEAL FROM A RESENTENCING IMPOSED BY THE UNITED
STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA
(E.D.PA. CRIMINAL NO. 09-733 (ECR))
_____

APPELLANT'S APPENDIX
VOLUME I OF III (pgs. 1-9 of 191)
_____

Caroline Goldner Cinquanto, Esq.
1518 Walnut Street, Suite 807
Philadelphia, PA 19102
(267) 639-6904
carrie@cgclegal.com

Attorney for Appellant Jonathan Cobb

# TABLE OF CONTENTS

**Page**

**Volume I** (bound in brief)

NOTICE OF APPEAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

AMENDED JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3


**Volume II**

ORDER SEPT. 9, 2014 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

COURT MEMORANDUM JUNE 24, 2015 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

COBB LETTER BRIEF RE: REMEDY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

GOVERNMENT MEMORANDUM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

GOVERNMENT MOTION TO LIMIT INQUIRY RE: 851 . . . . . . . . . . . . . 42

COBB'S RESPONSE TO GOV'T MOTION TO LIMIT INQUIRY . . . . . . . . . 60

TRANSCRIPT RELIEF HEARING NOV. 14, 2015 . . . . . . . . . . . . . . . . . . . . . 69


TRANSCRIPT RELIEF HEARING FEB. 10, 2016 . . . . . . . . . . . . . . . . . . . . . . 114

COBB'S SENTENCING MEMORANDUM . . . . . . . . . . . . . . . . . . . . . . . . . . 126

GOVERNMENT'S SENTENCING MEMORANDUM . . . . . . . . . . . . . . . . 130

TRANSCRIPT RESENTENCING MAY 23, 2016 . . . . . . . . . . . . . . . . . . . . . 147

*Presentence Investigation Report Filed Under Seal*

Date May 25th 2016

RECEIVED
MAY 3 1 2016

To The clerk of Court.

I, Jonathan C. Cobb is Sending my Notice of Appeal to the courts in timely Manner. I was (RESENTENCE) on May 23rd, 9:00 AM in Court Room (15 A) in front of Judge Robreno. I would Like to have this Docketed AND Entered on My Docket sheet.

Thank you.

Jonathan C. Cobb

Inmate 64304-066

Jonathan Cobb
Civil Action No 13-4754

DATE May 23rd 2016

To clerk of Courts.

I, Jonathan C. Cobb is sending a notice
of Appeal from my 2255 claims, that was
Remaining and Denied. (Crim Action No 09-73701
(Certificate of Appealability) (Civil Action No 13-4754
(My Judgement Day was May 23rd 2016)

Thank You     Jonathan Cobb

Jonathan Cobb
64304-066

**2**

# UNITED STATES DISTRICT COURT

District of _____

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
| --- | --- |

**V.**

JONATHAN COBB

Case Number: DPAE2:09CR000733-001

USM Number: 64304-066

Caroline Cinquanto, Esq.

Defendant's Attorney

**Date of Original Judgment:** November 5, 2010
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☒ Direct Motion to District Court Pursuant   ☒ 28 U.S.C. § 2255 or
  ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**FILED**

**MAY 23 2016**

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)   1s & 2s _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 21:841(b)(1)(B) | Conspiracy to distribute 500 grams or more of cocaine. | 10/20/2009 | 1s |
| 21:841(b)(1)(B) & 2 | Possession with intent to distribute 500 grams or more of cocaine. | 10/20/2009 | 2s |

The defendant is sentenced as provided in pages 2 _____ 6 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney for material changes in economic circumstances.

5/23/16 mailed
K. Marsto, AUSA
C. Cinquanto, Esq.
U.S. Marshal.
U.S. Probation
U.S. Pretrial
FLU
Fiscal/L.L.A

May 23, 2016

Date of Imposition of Judgment

Signature of Judge

Eduardo C. Robreno, U.S. District Judge

Name and Title of Judge

5/23/16

Date

**3**

AO 245C  (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

Case: 1:13-cr-01209-EOD Document #0311242899787 Paged 36/23/Date Filed:209/30/2016  (NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___2___ of ___6___

DEFENDANT:      JONATHAN COBB
CASE NUMBER:    DPAE2:09CR000733-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term

**\*\*180 MONTHS.** This term consist of 180 months on each of counts 1s and 2s, all such terms to run concurrently.

X   The court makes the following recommendations to the Bureau of Prisons:
It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program.
It is recommended that the defendant be afforded the opportunity to participate in a drug treatment program while incarcerated.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____     ☐   a.m.     ☐   p.m.     on _____   .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____   .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____     to _____

a _____     with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**4**

DEFENDANT: JONATHAN COBB
CASE NUMBER: DPAE2:09CR000733-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

**8 YEARS.** This term consists of 8 years on each of counts 1s and 2s, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the

Judgment—Page ___4___ of ___6___

DEFENDANT:          JONATHAN COBB
CASE NUMBER:     DPAE2:09CR000733-001

# ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall refrain from the use of alcohol and shall submit to testing to ensure compliance. It is further ordered that the defendant submit to evaluation and treatment as approved by the Court after receiving a recommendation by the U.S. Probation Office. The defendant shall abide by the rules of any program and remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment as approved by the Court after receiving a recommendation by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the Court.

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is direct service of the fine or restitution obligation or otherwise has the express approval of the Court.

DEFENDANT: JONATHAN COBB
CASE NUMBER: DPAE2:09CR000733-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 2500.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |

| **TOTALS** | $ _____ | $ _____ |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**7**

| AO 245C | (Rev. 06/05) Amended Judgment in a Criminal Case | |
|---|---|---|
| | Sheet 6 — Schedule of Payments | (NOTE: Identify Changes with Asterisks (*)) |

Judgment — Page   6   of   6

DEFENDANT:     JONATHAN COBB
CASE NUMBER:     DPAE2:09CR000733-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**   X   Lump sum payment of $  2,700.00  due immediately, balance due

☐   not later than  , or
X   in accordance with   ☐ C,   ☐ D,   ☐ E, or   X F below; or

**B**   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**   ☐   Payment in equal  (e.g., weekly, monthly, quarterly) installments of $  over a period of
 (e.g., months or years), to commence  (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in equal  (e.g., weekly, monthly, quarterly) installments of $  over a period of
 (e.g., months or years), to commence  (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within  (e.g., 30 or 60 days) after release from
imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   X   Special instructions regarding the payment of criminal monetary penalties:

** The fine is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial
Responsibility Program and provide payments of $25.00 per quarter towards fine. In the event the entire fine is not paid prior to
the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of **$25.00, to
commence 30 days after release from confinement. The defendant shall notify the U.S. Attorney for this district within 30 days
of any change of mailing address or residence that occurs while any portion of the fine remains unpaid.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and
corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**8**